1  DANIEL J. SPIELFOGEL, State Bar No. 113645
2  **LAW OFFICES OF DANIEL J. SPIELFOGEL**
   2660 Townsgate Road, Suite 600
3  Westlake Village, CA 91361
   Telephone: (805) 373-8907
4  Facsimile: (805) 373-8927
   Email: dans@djslaw.com

5  MATTHEW R. BURTON, State Bar No. 210018 (MN)
   (Pro Hac Vice Application, anticipated)
6  **MORRISON SUND PLLC**
   5125 County Road 101, Suite 200
7  Minnetonka, MN 55345
   Telephone: (952) 975-0050
8  Facsimile: (952) 975-0058
   Email: mburton@morrisonsund.com
9
   *Attorneys for Defendant*
10

11              **UNITED STATES DISTRICT COURT**

12    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

13

14  Jamie DeLorme, on behalf of himself     Case No.: 2:23-mc-00037
    and all others similarly situated,
15                                          **DECLARATION OF**
                         Plaintiff,         **MATTHEW R. BURTON ESQ.**
16  v.

17  Big Think Capital, Inc.,

18                         Defendant.

19

20  I, Matthew R. Burton, declare as follow:

21     1. I am local counsel of record for Defendant Big Think Capital, Inc. ("**Big**

22        **Think**") in the matter of *DeLorme, et al. v. Big Think Capital, Inc.* venued in

23        the U.S. District Court in Minnesota (22-cv-968).  Lead counsel is Jeffrey

24        Ettenger, Schwartz Ettenger, PLLC, 445 Broad Hollow Rd., Ste. 205,

25        Melville, NY  11747.

26     2. I have personal knowledge of the facts contained within this declaration, and

27        if called as a witness, would and could competently testify to them.
    ///
28

3.  An example of correspondence to Johny Rodriguez seeking his assistance is **Exhibit No. 1**, a letter dated August 16, 2022, in which Big Think offered to pay the costs it incurred in recovering their data.

4.  Attached as **Exhibit No. 2** is a letter and subpoena dated August 25, 2022 and directed to Mr. Johny Rodriguez. Service was attempted and the information I received back from our hired process server on September 1, 2022 was as follows: "No answer at door. Curtains partially open. Looks vacant. Per #21 occupant moved out one week ago."

5.  After a skip trace had been completed on October 19, 2022, the letter was updated and redirected. That letter is attached as **Exhibit No. 3**. The information I received back from our hired process server on October 25, 2022 was as follows: "Service was attempted on Johny Rodriguez at Unit 20, 11300 Foothill Boulevard, Sylmar, CA 91342. Per current resident, Adrian, she just moved in 10/2022 and Johnny Rodrigues is unknown."

6.  I then performed a comprehensive report, which provided a new address. Exhibit No. 2 was then rerouted to that address.

7.  Service of our letter and subpoena was completed on Monday, October 31, 2022 at 5:10 p.m. The Affidavit of Service is attached as **Exhibit No. 4**.

8.  One December 12, 2022, well after the subpoena production was due, I sent a letter to Johny Rodriguez disclosing our intent to produce and file a motion to compel compliance and giving him an opportunity to comply with the subpoena to avoid such a motion. See **Exhibit No. 5**.

9.  Johny Rodriguez's response was to file a nonsensical ethics complaint in Minnesota.  **Exhibit No. 6** on or about December 19, 2022 with the Office of Lawyers Professional Responsibility (Minnesota).  The complaint suggests that he does, in fact, control the information sought by the subpoena.

10. After becoming aware of the ethics complaint, emails were sent to Rodriguez as to which there has been no response.  **Exhibit No. 7.**

///

11. To date, Big Think has received no response to the subpoena from Johny Rodriguez.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**MORRISON SUND PLLC**

Date: March 16, 2023          By:     */s/ Matthew R. Burton*
                                            MATTHEW R. BURTON
                                            Attorneys for Defendant
                                            BIG THINK CAPITAL, INC.

# EXHIBIT 1



**Schwartz Ettenger,PLLC**
Experience you need. Results you want.

631-777-2401   Fax: 631-777-2402
445 Broad Hollow Road, Suite 205, Melville, NY 11747

August 16, 2022

**VIA FEDERAL EXPRESS**
Mr. Johny Rodriguez
Imerchant Systems
1130 Foothill Boulevard, Unit 20
Sylmar, CA 91342

510 S. Coronado Street, Apt. B
Los Angeles, CA 90057

     Re: **Big Think Capital**

Dear Mr. Rodriguez:

  Please be advised that our office represents Big Think Capital. Dave Brown has advised me that he has emailed you three times regarding this matter and you have been unresponsive. It is our understanding that Big Think Capital ("Big Think") retained your Company to manage and store their Company data, amongst other things, applications for services and data regarding communications with potential and existing clients. We have also been advised that you "retired" from this field and left the state of New York. You did not provide Big Think their database at that time.

  Big Think has been sued in various courts over their methods of securing clients and their communications with these potential and existing clients. To properly defend these claims they need their data, which you are in exclusive possession of. Big Think is willing to pay you a reasonable sum to assist them in securing and transferring the data, but time is of the essence. We have Federal Court orders that must be complied with and we must have this data as soon as possible.

  If you continue to ignore both our client and our office we will take legal steps to secure the data, including serving a subpoena for records and a deposition regarding same. We also have the ability to bring legal action against you for the failure to return our client's data, which could be considered a civil theft. Either way, this would cost you time and money. We would like to avoid this, but if you refuse to cooperate we will have no alternative.

EXHIBIT
1

Mr. Johny Rodriguez
Imerchant Systems
August 16, 2022
Page 2


     We demand that you contact us no later than August 23, 2022 to discuss this matter.  If you remain uncooperative we will take the above noted action to protect our client.

     Please be guided accordingly.

Very truly yours,

Jeffrey S. Ettenger

JSE:jr

cc:  Big Think Capital *(via email)*

# EXHIBIT 2



**MORRISON SUND** PLLC
ATTORNEYS AT LAW

5125 County Road 101, Suite 200
Minnetonka, MN 55345
TEL: (952) 975-0050
FAX: (952) 975-0058
www.morrisonsund.com

*Writer's Direct Dial: 952.277.0125*
*mburton@morrisonsund.com*

August 25, 2022

*Via FedEx and Personal Service*

Mr. Johny Rodriguez
1130 Foothill Boulevard
Unit 20
Sylmar, CA 91342

   **Re:**  **Jamie DeLorme, et al. v. Big Think Capital, Inc.**
       **Court File No.: 22-cv-968 NEB/DTS**

Dear Mr. Rodriguez:

Enclosed please find a subpoena in the above-captioned matter.  Since you did not respond to correspondence directed to you by Jeffrey Ettenger, we had to resort to this step.

All that we want is our client's data.  You possess or control that data and, therefore, you are a necessary piece to this puzzle.  The simplest way to minimize your involvement and to avoid getting crossways with the Court is to give us our mutual client's data.

Please advise.

       Respectfully,

       **MORRISON SUND PLLC**

       By   */s/ Matthew R. Burton*
           Matthew R. Burton

MRB/bjb
Enclosure

Cc:  David Brown *(via email)*
   Jeffrey Ettenger *(via email)*

EXHIBIT
2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | | |
|---|---|---|
| Jamie DeLorme, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   22-cv-968 NEB/DTS |
| | ) | |
| Big Think Capital, Inc. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Johny Rodriguez in his individual capacity and as principal officer for IMercant Systems, Inc.

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents and data in your possession or control for services pertaining to Big Think Capital, Inc.

| Place: Morrison Sund PLLC<br>5125 County Road 101, Suite 200<br>Minnetonka, MN 55345 | Date and Time:  September 1, 2022<br>Via mail or electronic transmission |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      *8/25/2022*

| CLERK OF COURT | | |
|---|---|---|
| | OR | */s/ Matthew R. Burton* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature*<br>Matthew R. Burton, Esq. (#210018) |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Big Think Capital, Inc. _____ , who issues or requests this subpoena, are:

Matthew R. Burton, Esq., 5125 County Road 101, Suite 200, Minnetonka, MN 55345; mburton@morrisonsund.com; (952) 975-0050

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   22-cv-968 NEB/DTS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                              *Server's signature*

                                                        _____
                                                              *Printed name and title*

                                                        _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d)  Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e)  Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g)  Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 3



5125 County Road 101, Suite 200
Minnetonka, MN 55345
TEL: (952) 975-0050
FAX: (952) 975-0058
www.morrisonsund.com

*Writer's Direct Dial: 952.277.0125*
*mburton@morrisonsund.com*

October 24, 2022

***Via Personal Service***

Johny Rodriguez
11300 Foothill Boulevard
Unit 20
Sylmar CA, 91342-6747

> **Re:**    **Jamie DeLorme, et al. v. Big Think Capital, Inc.**
> **Court File No.: 22-cv-968 NEB/DTS**
> **Our File No.: 8522-001**

Dear Mr. Rodriguez:

Enclosed please find a subpoena in the above-captioned matter. Since you did not respond to correspondence directed to you by Jeffrey Ettenger, we had to resort to this step.

All that we want is our client's data. You possess or control that data and, therefore, you are a necessary piece to this puzzle.  The simplest way to minimize your involvement and to avoid getting crossways with the Court is to give us our mutual client's data.

Please advise.

Respectfully,

**MORRISON SUND PLLC**

By       */s/ Matthew R. Burton*
Matthew R. Burton

MRB/bjb
Enclosure

Cc:    David Brown *(via email)*
Jeffrey Ettenger *(via emai)*

EXHIBIT
3

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Minnesota

| | |
|---|---|
| Jamie DeLorme, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    22-cv-968 NEB/DTS |
| | ) |
| Big Think Capital, Inc. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Johny Rodriguez in his individual capacity and as principal officer for IMercant Systems, Inc.

*(Name of person to whom this subpoena is directed)*

    ☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents and data in your possession or control for services pertaining to Big Think Capital, Inc.

| Place:    Morrison Sund PLL <br>        5125 County Rd 101, Ste 200 <br>        Minnetonka, MN  55345 | Date and Time:    **November 8, 2022** <br>        *Via mail or electronic transmission* |
|---|---|

    ☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/24/2022

| CLERK OF COURT | |
|---|---|
| | OR     */s/ Matthew R. Burton* |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* <br> Matthew R. Burton, Esq. (#210018) |

The name, address, e-mail address, and telephone number of the attorney representing Big Think Capital, Inc., who issues or requests this subpoena, is:    Matthew R. Burton, Esq., 5125 County Road 101, Suite 200 Minnetonka,

MN 55345; mburton@morrisonsund.com; (952) 975-0050

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 4

UNITED STATES DISTRICT COURT                                              DISTRICT OF MINNESOTA

Jamie DeLourme, et al.                                                    Court File Number
          Plaintiffs,                                                    22-cv-968 NEB/DTS

v.

Big Think Capital, Inc.                                                  **AFFIDAVIT OF SERVICE**
          Defendant,

---

State of California  }
County of Orange     } SS

I, __V. Enrique Mendez_____ , state that on
          (Name of Server)

__10__ / __31__ /2022 at __05__ : __10__  __P__ M, I served the:
(Date of Service)      (Time of Service)

    Federal Subpoena

upon: Johny Rodriguez

therein named, personally at:    Apt. B
                                 510 S Coronado Street
                                 Los Angeles, CA 90057

by handing to and leaving with Johny Rodriguez, a true and correct copy thereof.

I declare under penalty of perjury that this information is true.

                    Dated: __11__ / __03__ /2022    _____
                                                      (Signature of Server)

                                                      V. Enrique Mendez
                                                    (Printed Name of Server)

---

\* Service was completed by an independent contractor retained by Metro Legal Services, Inc.



Serial # MORFE 275650 3098

Re: 8522-001



616 South 3rd Street
Minneapolis, MN 55415
(800) 488-8994
www.metrolegal.com



EXHIBIT
4

# EXHIBIT 5

# **M** MORRISON SUND PLLC

─── ATTORNEYS AT LAW ───

SUITE 200
5125 COUNTY ROAD 101
MINNETONKA, MINNESOTA 55345
TEL: (952) 975-0050
FAX: (952) 975-0058
www.morrisonsund.com

*Writer's Direct Dial: 952.277.0125*
*mburton@morrisonsund.com*

December 12, 2022

*Via First-Class Mail*

Johny Rodriguez
510 S. Coronado St., Apt. B
Los Angeles, CA  90057

> **Re:** ***DeLorme, et al. v. Big Think Capital, Inc.***
> **Court File 22-cv-968 (MN)**
> **Our File No.: 8522-001**

Dear Mr. Rodriguez:

As you know, you were served with a subpoena in the above-captioned case on October 31, 2022.   You are also aware that you have failed or refused to comply with the subpoena (as copy of which is enclosed).

In the near term, we will be filing a motion with the U.S. District Court for the Central District of California to ask that Court's assistance in forcing your compliance and awarding sanctions for the extra efforts necessitated by your nonresponsiveness.  This letter is an effort to "meet and confer" to avoid that motion practice and the imposition of sanctions.  A copy of this letter will be submitted to the Court.

**Please contact me upon your receipt of this letter to discuss compliance with the subpoena so that the motion is not required**.  If I do not hear from you, the Court will be so advised in deciding what sanctions to impose upon you.

I look forward to hearing from you.

Respectfully,

**MORRISON SUND PLLC**

By
    Matthew R. Burton

MRB/bjb
Enclosure

Cc:    Daniel J. Spielfogel *(via email)*
        Jeffrey S. Ettenger *(via email)*
        Thomas J. Lyons, Jr. *(via email)*

EXHIBIT
5

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Minnesota

| | |
|---|---|
| Jamie DeLorme, et al. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.    22-cv-968 NEB/DTS |
| | ) |
| Big Think Capital, Inc. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Johny Rodriguez in his individual capacity and as principal officer for IMercant Systems, Inc.

---

*(Name of person to whom this subpoena is directed)*

     ☒   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents and data in your possession or control for services pertaining to Big Think Capital, Inc.

| Place:    Morrison Sund PLL <br>         5125 County Rd 101, Ste 200 <br>         Minnetonka, MN  55345 | Date and Time:   **November 8, 2022** <br> *Via mail or electronic transmission* |
|---|---|

     ☐   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

---

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     10/24/2022

| | CLERK OF COURT | OR | |
|---|---|---|---|
| | | | */s/ Matthew R. Burton* |
| | _____ | | _____ |
| | *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* <br> Matthew R. Burton, Esq. (#210018) |

The name, address, e-mail address, and telephone number of the attorney representing Big Think Capital, Inc., who issues or requests this subpoena, is:   Matthew R. Burton, Esq., 5125 County Road 101, Suite 200 Minnetonka,

MN 55345; mburton@morrisonsund.com; (952) 975-0050

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____     on *(date)* _____ ; or

☐   I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 6

**OFFICE OF**
**LAWYERS PROFESSIONAL RESPONSIBILITY**
445 MINNESOTA STREET, SUITE 2400
ST. PAUL, MINNESOTA 55101-2139

————————
TELEPHONE (651) 296-3952
TOLL-FREE 1-800-657-3601
————————
FAX (651) 297-5801

January 6, 2023

Mr. Matthew R. Burton
5125 County Road 101, Suite 200
Minnetonka, MN  55345

     Re:    File No. 46227

Dear Mr. Burton:

Enclosed you will find Johny Rodriguez's recent letter regarding you and our reply, to which we have received no response.  We have not opened a file and our present intention is to take no further action.

          Very truly yours,

          Office of Lawyers Professional
          Responsibility

          *Deanna N. Natoli*

By  Natoli, Deanna
    Jan 6 2023 11:13 AM
_____

          Deanna N. Natoli
          Senior Assistant Director

am
Enclosures
cc:    Johny Rodriguez (no enclosures)

EXHIBIT
6

| | |
|---|---|
| **From:** | NO_REPLY_SharePoint@courts.state.mn.us |
| **To:** | Receptionist, LPRB; famousshoes22@gmail.com |
| **Subject:** | New Online Complaint Burton-Rodriguez |
| **Date:** | Monday, December 19, 2022 8:15:14 PM |

**Do not reply to this email.**

# MINNESOTA
# OFFICE OF LAWYERS PROFESSIONAL RESPONSIBILITY
# COMPLAINT FORM

**Complainant Name, Address and Phone Numbers**

Complainant 1:
Mr. Johny Rodriguez
510 South Coronado Street
Unit B
Los Angeles, CA 90057

Email: famousshoes22@gmail.com

**Respondent Name, Address and Phone Number**

Mathew R. Burton
5125 County Road 101
Minnetonka, MN 55345

Phone: (952) 975-0050

**Additional Information**

Relationship to Lawyer: Other

**If you are someone other than the client, what is your connection to the lawyer?**

**Complaint:**
Mr. Burton continues to send threatening letters to Mr. Rodriguez over a matter that Mr.
Burton has no good faith reason to pursue. Mr. Burton
cannot have asked his client any of the following questions, which are fundamental to such a
claim:
1. Did Mr. Rodriguez alert you to his career move to public service prior to shutting his
business down? Yes. Mr. Rodriguez sent notice to Mr. Burton's client over a month prior to
his move to public service. This notice was acknowledged.
2. Were the data in question available for download at all times during the notice period,
regardless of Mr. Rodriguez's cooperation, and via tools for which adequate training had been
provided and/or were intuitive (e.g., 'Download Here')? Yes. Mr. Rodriguez maintained

several such tools and Mr. Burton's client, as well as his client's staff, knew very well how to use them and used them regularly.

3. Did Mr. Rodriguez, nonetheless, send one final download in a zip file the day he shut down his servers? Yes, such a file was sent.

4. Could there be any ulterior motive behind this attempt? Yes. Mr. Burton's client was an unauthorized reseller of Mr. Rodriguez's technology and offered to purchase it on the eve of Mr. Rodriguez closing his doors.

5. Were the data hosted on a leased server, making any claim that Mr. Rodriguez is withholding them inaccurate, and any demand that he produce them unreasonable? Yes. As Mr. Burton's client knows, these were leased cloud servers from 1 and 1. The demand could not have been satisfied.

6. Does Mr. Burton's client, despite Mr. Rodriguez's prior efforts to accommodate, have any actual rights to such data?

No. Telemarketers do not own the data they use to robo-dial.


**Are you submitting documents with this complaint?**   No

**Documents submitted by mail must be received within 7 days to be considered part of the complaint. If this Office does not receive accompanying documents, your complaint may be considered based solely on the information contained in this complaint form.**


Dated:  12/19/2022

_____

**Additional information and documents must be mailed to:**

Office of Lawyers Professional Responsibility
1500 Landmark Towers
345 St. Peter Street
St. Paul, MN 55102
651-296-3952
1-800-657-3601

## OFFICE OF
## LAWYERS PROFESSIONAL RESPONSIBILITY

445 MINNESOTA STREET, SUITE 2400
ST. PAUL, MINNESOTA 55101-2139

TELEPHONE (651) 296-3952
TOLL-FREE 1-800-657-3601

FAX (651) 297-5801

December 21, 2022

Mr. Johny Rodriguez
510 South Coronado Street, Unit B
Los Angeles, CA  90057

   Re:  Matthew R. Burton
       File No. 46227

Dear Mr. Rodriguez:

We received your recent letter about the lawyer named above.  We need more information to consider your complaint.  Please provide in writing the answers to the following:  What did the lawyer do, or not do, which you believe was unethical?

1.  Is there a pending case that involves you and Mr. Burton's client?  If so, please provide the case number.

2.  Please provide the letters Mr. Burton sent you which you describe as threatening.

If you have more documents or facts on this matter in addition to the above-requested information, please include them with your written response to us within ten days.  If you have questions about your complaint, please call and ask for the "duty paralegal" in our Office at (651) 296-3952 in the metro area or 1-800-657-3601.  If we do not hear from you, we will most likely take no further action.

      Very truly yours,

      Office of Lawyers Professional
       Responsibility

        *Deanna N. Natoli*

    By Natoli, Deanna
       Dec 21 2022 10:51 AM
      Deanna N. Natoli
      Senior Assistant Director

am

# EXHIBIT 7

**Brandi Babatz**

| | |
|---|---|
| **From:** | Matthew Burton |
| **Sent:** | Monday, January 9, 2023 3:42 PM |
| **To:** | famousshoes22@gmail.com |
| **Cc:** | Jeffrey Ettenger |
| **Subject:** | DeLorme v. Big Think |
| **Attachments:** | 2022-10-24 MRB Ltr to J. Rodriuez serving Subpoena.pdf |

Mr. Rodriguez –

I obtained your email address, today, via the ethics complaint that you filed against me here in MN.

Attached is a subpoena that was served on you in relation to a case pending in the U.S. District Court in Minnesota.  You are obligated to produce documents in response to the subpoena.

In your ethics complaint, you stated that a zip file was sent, I presume, to Big Think.  Does that zip file still exist and, if so, can you share that with me?   If it contains the information that we are seeking, that could be the end of this matter.  Regardless, you are required to comply with the subpoena, and we are now preparing to get the assistance of the U.S. District Court in California to hold you in contempt and to force compliance.  It seems to me that you are being your own worst enemy as the simplest thing to do would be to transmit data.

Your conduct will determine where this goes.

MATTHEW R. BURTON
ATTORNEY



5125 COUNTY ROAD 101, SUITE 200
MINNETONKA, MN 55345
TEL: (952) 277-0125
FAX: (952) 975-0058
mburton@morrisonsund.com

*Confidentiality Note: This message may contain confidential information that is legally privileged and is intended only for the use of the parties to whom it is addressed. If you are not an intended recipient, you are hereby notified that any disclosures, copying, distribution or use of any information in this message could have significant legal consequences.  If you have received this message in error, please notify the sender immediately at the telephone number or e-mail address.*

EXHIBIT
7