UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | **2:23-mc-00037-FLA-MAR** | Date: April 26, 2023 |
| Title | *Jamie DeLorme v. Big Think Capital, Inc.* | |

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) ORDER RE: PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, DKT. 1

On March 16, 2023, Big Think Capital, Inc. ("Defendant") filed a Motion to Compel Nonparty Johny Rodriguez ("Rodriguez") to Comply with Subpoena ("Motion"). ECF Docket No. ("Dkt.") 1. The Court finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons set forth below, Defendant's Motion is **DENIED**.

**I.
BACKGROUND**

Defendant Big Think Capital, Inc. is the defendant in a case in the U.S. District Court in Minnesota, DeLorme, et al. v. Big Think Capital, Inc. Defendant alleges as follows:

Defendant's communications with clientele and potential clientele via phone calls and text messages are related to an important issue in this case. Dkt. 1 at 3. Plaintiff has propounded discovery seeking Defendant's data regarding these communications. Id. At all relevant times, Plaintiff had contracted with Rodriguez and his entity, IMerchant Systems, Inc in New York. Id. Defendant learned that Rodriguez relocated to California and attempted to correspond with him in August of 2022 about obtaining the relevant data. Id. Rodriguez failed to respond, so Defendant hired a process server and obtained service of a subpoena. Id.; Dkt. 1-1, Declaration of Matthew R. Burton ("Burton Decl."). After numerous failed attempts, the subpoena was finally served on October 31, 2022. Burton Dec., Ex. 4. Even after service of the subpoena and follow up correspondence, Rodriguez has refused to comply with the subpoena. Dkt. 1 at 3; Burton Decl.

Accordingly, on March 16, 2023, Defendant filed the instant Motion in this Court. Dkt. 1. The district judge has referred the Motion to the undersigned magistrate judge. Dkt. 7.

**II.
APPLICABLE LAW**

Rule 45 of the Federal Rules of Civil Procedure governs the issuing and service of subpoenas on nonparties. Fed. R. Civ. P. 45. Rule 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person." Id. Though the Ninth Circuit has not ruled on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:23-mc-00037-FLA-MAR**                                              Date:  April 26, 2023

Title   *Jamie DeLorme v. Big Think Capital, Inc.*

question, most courts understand Rule 45(b) to require personal service.  See, In re Subpoena to VaughnPerling, No. 2:19-MC-00083-CAS (EX), 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019); see also Fujikura Ltd. v. Finisar Corp., No. 15-mc-80110-HRL-JSC, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (collecting cases).

To be enforceable, the subpoena must comply with the substantive requirements for a subpoena set out by Rule 45.  Fed. R. Civ. P. 45(a)(1)(A).  Rule 45(a)(1)(A) requires that every subpoena state the court from which it is issued, state the title of the action and its civil-action number, specify to each person to whom it is directed the time and place set for the production, and set out the text of Rule 45(d) and (e).  Fed. R. Civ. P. 45(a)(1)(A)(i)–(iv).

The recipient of a Rule 45 subpoena has several options: he or she may elect to comply with the subpoena, move to quash the subpoena based on undue cost or burden, object to the subpoena's form, or challenge the subpoena pursuant to the procedures set forth in Rule 45.  Fed. R. Civ. P. 45(d), (e); see also Glodney v. Travelers Com. Ins. Co., No. 2:19-CV-10503-GW-MAA, 2020 WL 8414988, at *16 (C.D. Cal. Sept. 30, 2020).  If the recipient responds to a subpoena with objections, the party who served the subpoena may move for an order compelling compliance.  See Fed. R. Civ. P. 45(d)(2)-(3). However, if the recipient does not respond to the subpoena, the only relief available to the serving party is to seek a contempt sanction under Rule 45(g) via an application for an order to show cause.  Delis v. Sionix Corp., No. SACV 131547-AG-RNBX, 2014 WL 12603094, at *1 (C.D. Cal. Sept. 30, 2014) ("[T]he only sanction available where a non-party witness fails without adequate excuse to obey a properly-served subpoena is a contempt citation."); see also Echostar Satellite L.L.C. v. Viewtech, Inc., No. 1:09MC00052-SMS, 2010 WL 653186, at *1 (E.D. Cal. Feb. 22, 2010) ("If the recipient fails or refuses to respond to the subpoena, the proponent may first try to negotiate compliance, as by offering to meet and confer, but ultimately, if the recipient fails to comply without adequate excuse, the recipient is in contempt of court, and the proponent must file an application for an order to show cause why a contempt citation should not issue.").

Finally, absent consent by the parties, magistrate judges lack contempt authority except in limited circumstances, none of which are applicable here.  See 28 U.S.C. § 636(e); Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir. 1996). Absent consent, a magistrate judge may only investigate whether further contempt proceedings are warranted and, if so, "certify" such facts to a district judge.  28 U.S.C. § 636(e)(6); see also C.D. Cal. Gen. Order 05-07; Aguilar v. City of Azusa, No. CV14-9183-GW (JPRX), 2016 WL 11755112 (C.D. Cal. Jan. 5, 2016).

Specifically:

the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   **2:23-mc-00037-FLA-MAR**                                           Date:  April 26, 2023

Title   *Jamie DeLorme v. Big Think Capital, Inc.*

reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6).  Essentially, the magistrate judge's role is to determine whether Plaintiff has established a prima facie case of contempt—i.e., whether Plaintiff has shown by clear and convincing evidence that Defendant violated a court order.  See Aguilar, 2016 WL 11755112 at *2; In re Dyer, 322 F.3d 1178, 1190-91 (9th Cir. 2003) (noting that, to find a party in civil contempt, the moving party must show "by clear and convincing evidence that the contemnors violated a specific and definite order of the court.").

### III.
### DISCUSSION

As an initial matter, it is unclear if Defendant seeks the proper form of relief.  Defendant's conclusion and proposed order state that Defendant seeks to hold Plaintiff in contempt, and Defendant's cited legal authority correctly notes that the only sanction available when a nonparty fails to respond to a Rule 45 subpoena is contempt. Dkts. 1 at 3–5; 1-2.  However, the Motion is titled as a "Motion to Compel" and the Notice of the Motion indicates that Defendant seeks an order compelling Rodriguez to comply with the subpoena.  Dkt. 1 at 1–2.  This confusion likely resulted in the referral of this Motion to the undersigned magistrate judge, who, as noted above, does not have contempt authority.

In any case, even assuming Defendant is pursuing the correct sanction, it is unclear that Defendant is using the correct procedural vehicle; rather than filing an application for an order to show cause why Rodriguez should not be held in contempt, Defendant has simply moved for an order holding Rodriguez in contempt.  The order to show cause is a crucial step when a party moves for contempt ex parte, because nonparties are entitled to be heard in a meaningful fashion before the court takes the serious step of holding a nonparty in contempt.  See Pongsai v. Am. Express Co., No. 819CV01628DOCJDEX, 2020 WL 6115086 (C.D. Cal. Aug. 27, 2020) (noting that the "proper procedure for seeking [a nonparty's] compliance with the deposition subpoena is an order to show cause why she should not be held in contempt because a 'nonparty has a right to be heard in a meaningful fashion.'" (citations omitted)); Ochoa v. Lopez, No. CV 11–9239 AG (MLGx), 2016 WL 9712071, at *3 (C.D. Cal. June 20, 2016) ("Civil contempt is serious business. Civil attorneys often don't realize that it can ultimately lead to the deprivation of a person's liberty .... So before a court enters a contempt order, it has to be sure that the alleged violator has received adequate notice of the potential consequences."); see also Committee Notes on the 2013 Amendment of Federal Rules of Civil Procedure Rule 45(g) ("In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena .... Often contempt proceedings will be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:23-mc-00037-FLA-MAR | Date: April 26, 2023 |
| Title | _Jamie DeLorme v. Big Think Capital, Inc._ | |

initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command.").

Finally, even if this Court were to construe Defendant's Motion as an ex parte application for an order to show cause, Defendant's exhibits do not clearly show that the subpoena was properly served and complied with the requirements of Rule 45. Though Defendant submits a proof of service that could indicate that Rodriguez was personally served with a copy of the subpoena, the actual copy of the subpoena that was allegedly served is not attached to the proof of service. Burton Decl. ¶ 7, Ex. 4. There are two (2) different copies of the subpoena submitted in other exhibits, one of which does not specify the court from which it issued, as required by Rule 45(a)(1)(A)(i). Burton Decl. ¶¶ 4–5, Exs. 2–3. Counsel's declaration is unclear as to which copy would have been the one that was personally served on Rodriguez. Burton Decl. ¶¶ 3–7. Under these circumstances, the Court is unable to determine whether the subpoena that was allegedly served on Rodriguez actually complied with Rule 45(a)(1)(A).

## IV.
## CONCLUSION AND ORDER

Ultimately, given these ambiguities, the Court declines to construe the Motion as an ex parte application for an order to show cause, and **DENIES** the Motion, without prejudice to Defendant pursuing a contempt order in a manner consistent with the requirements discussed above.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| **Initials of Preparer** | | vv |