Daniel J. Spielfogel, Esq., State Bar No. 113645
**LAW OFFICES OF DANIEL J. SPIELFOGEL**
2660 Townsgate Road, Suite 600
Westlake Village, CA 91361
Telephone: (805) 373-8907
Facsimile: (805) 373-8927
Email: dans@djslaw.com

MATTHEW R. BURTON, State Bar No. 218818 (MN)
(Pro Hac Vice Application, pending)
**MORRISON SUND PLLC**
5125 County Road 101, Suite 200
Minnetonka, MN 55345
Telephone: (952) 975-0050
Facsimile: (952) 975-0058
Email: mburton@morrisonsund.com

*Attorneys for Defendant, Big Think Capital, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Jamie DeLorme, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Big Think Capital, Inc.,<br><br>        Defendant. | CASE No.: 2:23-mc-00037-FLA (MARx)<br><br>**BIG THINK CAPITAL, INC.'S EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE WHY NON-PARTY WITNESS JOHNY RODRIGUEZ SHOULD NOT BE HELD IN CIVIL CONTEMPT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Principal case pending in US District of Minnesota, Case No. 0:22-cv-00968-NEB-DLM]<br><br>Date:<br>Time:<br>Dept:  Courtroom 6B |

# I

# INTRODUCTION

Defendant BIG THINK CAPITAL, INC. ("Big Think") is the Defendant in a class action lawsuit styled *DeLorme, etc., et al. v. Big Think Capital, Inc.*, venued in the U.S. District Court in Minnesota, Case No. 0:22-cv-00968-NEB-DLM ("Minnesota Action").

Big Think previously served non-party witness Johny Rodriguez ("Rodriguez") with a subpoena in the Minnesota Action. Rodriguez failed to comply with the subpoena.

On March 16, 2023, Big Think filed a motion to compel Rodriguez to comply with the subpoena in this Court. On April 26, 2023, United States Magistrate Judge Margo A. Rocconi denied Big Think's motion without prejudice, on the grounds that the proper vehicle to obtain compliance with the subpoena is an order to show cause re: contempt.

Big Think now seeks that relief with this Court.

# II

# STATEMENT OF FACTS

Big Think's communications with its clientele and potential clientele via phone calls and text messages are at issue in the Minnesota Action. Plaintiff in the Minnesota Action has propounded discovery seeking Big Think's records reflecting such communications (the "Data"). At all times relevant to the Minnesota Action, Big Think contracted with Rodriguez and his company, IMerchant Systems, Inc. ("IMerchant") in New York, such that Rodriguez and/or IMerchant would be in possession, custody or control of the Data.

After learning that Rodriguez relocated to California, Big Think attempted to obtain the Data voluntarily from him, beginning in August 2022. Rodriguez never responded to informal attempts to obtain the Data, such that counsel for Big Think ultimately had Rodriguez served with a subpoena. (Decl. Spielfogel, ¶ 6 and Exh.

1.) Rodriguez was served with a subpoena on October 31, 2022. (Decl. Spielfogel, ¶ 7 and Exh. 2.) The subpoena required Rodriguez in his individual capacity and as principal of IMerchant to produce all documents and data in his possession or control for services pertaining to Big Think, on November 8, 2022.

When Rodriguez did not respond to the subpoena, on December 12, 2022, Counsel for Big Think in the Minnesota Action sent a letter to Rodriguez in an effort to obtain his compliance with the subpoena. (Decl. Spielfogel, ¶ 8 and Exh. 3.)  This effort resulted in an ethics complaint being filed by Rodriguez against Big Think's Minnesota counsel. (Decl. Spielfogel, ¶ 9 and Exh. 4.)

On January 9, 2023, Counsel for Big Think in the Minnesota Action made an additional attempt to obtain Rodriguez's compliance by sending him an email at the email address disclosed in the ethics complaint. (Decl. Spielfogel, ¶ 10 and Exh. 5.) As of the date of this filing, Rodriguez has not responded to the subpoena. (Decl. Spielfogel, ¶ 11.)

Big Think needs the Data to prepare its defense and respond to discovery in the Minnesota Action. Big Think is entitled to obtain its Data from Rodriguez pursuant to a subpoena, such that this Court should issue an Order to Show Cause Re: Contempt against Rodriguez.

### III

### LEGAL ARGUMENT

A party shall be held in civil contempt where they disobey a "specific and definite court order by fail[ing] to take all responsible steps within [their] power to comply." *Weiss v. Espresso Roma Corp.*, No. 19-cv-00112-HSG, 2020 U.S. Dist. LEXIS 162512, at *4 (N.D. Cal. Sept. 4, 2020); *see Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) ("'Civil contempt…consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within a party's power to comply.' The contempt 'need not be willful.'" (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10

F.3d 693, 695 (9th Cir. 1993) and *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987))); *Perry v. O'Donnell*, 759 F2d 702, 704 (9th Cir. 1985) ("[C]ivil contempt need not be willful to justify a discretionary award of fees and expenses as a remedial measure.").

"The moving party has the burden of showing by clear and convincing evidence that the [nonmoving party] violated a specific and definite order of the court." *FTC v. Affordable Media, LLC*, 179 F3d 1228, 1239 (9th Cir. 1999) (citation omitted). Once the moving party has established that the nonmoving party has violated an order, the burden shifts to the "contemnors to demonstrate why they were unable to comply." *Stone v. City & Cnty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992) (once the moving party has established that an order was violated, the burden "shifts to the contemnors to demonstrate why they were unable to comply."); *United States v. Bright*, No. 07-00311 ACK-KSC, 2009 U.S. Dist. LEXIS 15915, at *11-13 (D. Haw. Feb. 27, 2009) (contemnor must show "'categorically and in detail' why he is unable to comply" (citations omitted)).

There are only two recognized defenses to civil contempt: (1) substantial compliance with a court's order and (2) inability to comply. *See CFTC v. Fin. Tree*, No. 2:20-cv-01184-TLN-AC, 2021 U.S. Dist. LEXIS 34762, at *7 (E.D. Cal. Feb. 24, 2021).

Federal Rule of Civil Procedure 45(g) provides that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey a subpoena or an order related to it." Fed. R. Civ. P. 45(g); *see also Vincent v. BCC Partners, LLC*, Case No. SACV 12-142-DOC (RNBx), 2012 WL 12893998, at *1 (C.D. Cal. Feb. 9, 2012) (As provided in Rule 45, "[t]he only sanction available where a non-party witness fails without adequate excuse to obey a subpoena is a contempt citation."). "Contempt proceedings are instituted by the issuance of an Order to Show Cause ('OSC') why a contempt citation should not issue and a notice of a date for the hearing." *Alcalde v. NAC Real Est. Invs. & Assignments,*

EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE WHY WITNESS JOHNY RODRIGUEZ SHOULD NOT BE HELD IN CIVIL CONTEMPT

*Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008); *see also Delis v. Sionix Corp.*, 2015 WL 12733439, at *2 ("A court may initiate contempt proceedings through an OSC why a contempt citation should not issue." (citing *Federal Trade Comm'n v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1218 (9th Cir. 2004)).

Here, the Declaration of Daniel J. Spielfogel establishes that Rodriguez was properly served with a subpoena and yet, he has entirely refused to comply. It is respectfully submitted that Big Think has established by clear and convincing evidence that Rodriguez has violated a subpoena of this Court, warranting the issuance of an order to show cause re: contempt as requested herein.

**IV**

**CONCLUSION**

For the foregoing reasons, Big Think respectfully requests that this Court issue an order to show cause re: contempt against Rodriguez for his failure to respond to the subpoena.

Respectfully submitted,

DATED:  September 26, 2023          LAW OFFICES OF DANIEL J. SPIELFOGEL

By _____*/s/ Daniel J. Spielfogel*_____
          **Daniel J. Spielfogel**
          California Bar No. 113645
          *dans@djslaw.com*
          Law Offices of Daniel J. Spielfogel
          2660 Townsgate Road, Suite 600
          Westlake Village, CA 91361
          Telephone: (805) 373-8907

          *Attorneys for Defendant Big Think Capital, Inc.*

EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE WHY WITNESS JOHNY
RODRIGUEZ SHOULD NOT BE HELD IN CIVIL CONTEMPT